**SO ORDERED.**

**SIGNED this 29 day of June, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **BARBARA R. JACKSON,** | Case No. 08-01603-8-JRL |
| | Chapter 13 |
| Debtor. | |

| | |
|---|---|
| **STACEY N. FLOYD** | |
| f/k/a Stacey N. Greene, | Adversary Proceeding No. |
| | L-08-00081-8-JRL |
| Plaintiff, | |
| v. | |
| **BARBARA R. JACKSON,** | |
| Defendant. | |

_____

### ORDER

This case came before the court on the Motion for Summary Judgment filed by Stacey N. Floyd f/k/a Stacey N. Greene ("Plaintiff") on December 18, 2008. On June 1, 2009 the court conducted a hearing on this matter in New Bern, North Carolina.

**JURISDICTION AND PROCEDURE**

This court has jurisdiction over the parties and the subject matter of this proceeding

pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1. On July 10, 2001, the Plaintiff purchased from East Coast Imports what was represented to be a 1993 Saturn vehicle with approximately 77,000 miles for a price of $1,911.00.

2. East Coast Imports was primarily a salvage car business that would purchase and repair salvaged vehicles and then resell them to the public. Some of the vehicles were used solely for parts to rebuild other vehicles.

3. East Coast Imports was a dealer licensed by the State of North Carolina to sell vehicles to the public.

4. On February 26, 2002, Inspector Andrew Heath of the Division of Motor Vehicles License and Theft Bureau conducted an inspection of East Coast Imports. During his inspection, Inspector Heath discovered three vehicles that were missing odometers, driver's side doors, and vehicle inspection numbers. These vehicles included a 1993 Saturn, 1995 Dodge Neon, and a 1996 Chrysler.

5. Inspector Heath determined that the title to the 1993 Saturn had been issued to Plaintiff and was "on the road."

6. On May 22, 2002, Inspector Heath contacted Plaintiff and determined that the vehicle she was driving was in fact a 1992 Saturn with 226,945 miles. Inspector Heath further

determined that the vehicle sold to Plaintiff was a "parts-only" vehicle that was unfit for operation on the road.

7. Barbara Jackson was a citizen of Onslow County and the sole proprietor of East Coast Imports at the time of the events giving rise to this adversary proceeding.

8. Warren O. Royster was the General Manager of East Coast Imports and was involved in purchasing the automobiles that became the inventory of East Coast Imports and determining whether to rebuild such vehicles for sale to the public or strip them to sell the parts.

9. Kevin Royster was employed as a part-time salesman at East Coast Imports.

10. Brenda McClain was employed as a secretary and bookkeeper for East Coast Imports.

11. On October 13, 2005, an order was entered in favor of the Plaintiff in a civil action filed in the General Court of Justice, Superior Court Division, County of Onslow, entitled Stacey N. Greene, Plaintiff, vs. Warren O. Royster, Barbara R. Jackson a/k/a Barbara R. Royster, Kevin Royster, and Brenda J. McClain, all d/b/a East Coast Imports, File No. 04-CVS-1473. A jury found that the Plaintiff was damaged by the fraud of the defendants and awarded her $1,911.00 in compensatory damages and an additional $500,000.00 in punitive damages, plus costs. The award for punitive damages was subsequently reduced to $250,000.00 by the Onslow County Superior Court.

12. On March 27, 2006, the Onslow County Superior Court entered an order denying the defendants' motion for a new trial. The defendants appealed.

13. On November 6, 2007, the North Carolina Court of Appeals affirmed the judgment of the Onslow County Superior Court.

14. On March 13, 2008, Warren O. Royster filed a petition for relief under Chapter 13 of the Bankruptcy Code.

15. On June 4, 2008, Barbara Jackson filed a petition for relief under Chapter 13 of the Bankruptcy Code.

16. Also on June 4, 2008, Kevin Royster filed a petition for relief under Chapter 13 of the Bankruptcy Code.

17. On June 6, 2008, the Plaintiff filed this adversary proceeding seeking to deny the dischargeability of the outstanding debt owed to Plaintiff, to enter a money judgment against the debtor in the amount of $251,911.00 plus costs, or in the alternative, to dismiss the debtor's bankruptcy case with prejudice.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 5699(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

The Plaintiff moves the court for summary judgment in her favor and to grant the relief requested in her complaint. The Plaintiff asserts in her complaint that the debtor obtained money under false pretenses, false representation, or actual fraud based on the judgment entered by the Onslow County Superior Court and affirmed by the North Carolina Court of Appeals. As a result, the Plaintiff contends that the debtor is barred from re-litigating the issue of fraud under the doctrine of collateral estoppel. In addition, the Plaintiff asserts that the jury award stemming from the Onslow County Superior Court judgment in the amount of $251,911.00 in compensatory and punitive damages is nondischargeable under § 1328(a)(2) of the Bankruptcy Code. In response, the debtor contends that her personal liability for fraud was not actually litigated before the Superior Court and thus the doctrine of collateral estoppel is inapplicable. Alternatively, the debtor contends that her indebtedness to the Plaintiff is subject to discharge and void pursuant to § 524(a).

First, the Plaintiff contends that the debtor committed fraud and is estopped from challenging the findings of the Onslow County Superior Court. Under North Carolina law, the doctrine of collateral estoppel operates to preclude the re-litigation of an issue if a party shows "that the issue in question was identical to an issue actually litigated and necessary to the judgment, that the prior action resulted in a final judgment on the merits, and that the present parties are the same as, or in privity with, the parties to the earlier action." Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008) (citing Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 556-57 (1986)). "A previous judgment has collateral estoppel effect only when, first, the specific issue was actually litigated in the prior action . . . and, second, the party

seeking to relitigate previously enjoyed a 'full and fair opportunity to litigate' the issue." Id. at 290 (citing Hall, 318 N.C. 421, 432-34, 349 S.E.2d at 559-60).  In the case at bar, the court finds that the debtor is estopped from challenging the Onslow County Superior Court's findings of fraud because all elements of collateral estoppel are satisfied.  First, the issue of fraud was actually litigated before the Onslow County Superior Court, which conducted a jury trial on the issue of fraud and entered a judgment finding that the Plaintiff was "damaged by the fraud of the Defendants."  On appeal, the North Carolina Court of Appeals found that the jury was properly instructed on the essential elements of fraud and affirmed the Onslow County Superior Court judgment.  Importantly, there was no ambiguity with respect to the Superior Court judgment as the issue of fraud was the only substantive issue before the jury.  Second, the court finds that the civil action in Onslow County Superior Court resulted in a final judgment on the merits.  Third, the court finds that the debtor in this adversary proceeding was a defendant in the civil action before the Onslow County Superior Court and had a full and fair opportunity to litigate the issue of fraud both at trial and on appeal.  The debtor's argument that she played an insignificant role in East Coast Imports' fraudulent operations is precluded by the Superior Court judgment against her and her unsuccessful appeal.  In summary, the debtor is precluded from re-litigating the issue of fraud under the doctrine of collateral estoppel.

  Second, the Plaintiff contends that the obligation of the debtor is excepted from discharge under § 1328(a)(2) of the Bankruptcy Code.  In a chapter 13 case, any debt specified under § 523(a)(2) is excepted from discharge.  11 U.S.C. § 1328(a)(2).  Section 523(a)(2) provides that an individual debtor will not receive a discharge from any debt –

  for money, property, services, or an extension, renewal, or refinancing of credit, to the

6

>  extent obtained, by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(A).  At hearing, the debtor argued that § 523(a)(2) did not except her debt from discharge because it was not "obtained by" fraud.

The Fourth Circuit considered the scope of § 523(a)(2)'s "obtained by" language in Pleasants v. Kendrick, 219 F.3d 372 (4th Cir. 2000).  In Pleasants, the plaintiffs hired the debtor to prepare detailed architectural plans and perform construction on their home after the debtor had erroneously represented that he was a licensed architect.  Pleasants at 374.  After the project had suffered significant delays and faulty designs, the plaintiffs discovered that the debtor had falsely represented that he was a licensed architect.  Id.  The plaintiffs filed an action for fraud against the debtor in state court, as well as an adversary complaint in bankruptcy court seeking to render their claim nondischargeable as a claim arising from fraud.  Id.  On appeal, the Fourth Circuit affirmed the bankruptcy court's judgment finding the claim nondischargeable pursuant to § 523(a)(2).  Id. at 376.  In finding for the plaintiffs, the Fourth Circuit rejected the debtor's assertion that some portion of the creditor's claim must have been transferred from the creditor to the debtor.  Rather, the Court held that the scope of nondischargeability for fraudulently-obtained debts was "broad enough to encompass a situation in which no portion of a creditor's claim was literally transferred to the fraudulent debtor."  Id. at 375.  See also Cohen v. de la Cruz, 523 U.S. 213, 221, 118 S. Ct. 1212, 1217 (1998) ("§ 523(a)(2)(A) is best read to prohibit the discharge of any liability arising from a debtor's fraudulent acquisition of money, property, etc., including an award of treble damages for the fraud.").  The Fourth Circuit reasoned that it was "unlikely that Congress . . . would have favored the interest in giving perpetrators of fraud a

fresh start over the interest in protecting victims of fraud." Pleasants at 375 (citing de la Cruz, 523 U.S. 213, 223, 118 S. Ct. at 1219).[1]

In the case at bar, the obligation of the debtor arose from actions which the Onslow County Superior Court and North Carolina Court of Appeals determined to be fraudulent. It follows that the money that the Plaintiff paid East Coast Imports toward the purchase of a car was obtained by fraud. Therefore, the Superior Court judgment against the debtor for fraud, pursuant to which the Plaintiff was awarded compensatory and punitive damages in the sum of $251,911.00, is nondischargeable under §§ 1328(a)(2) and 523(a)(2)(A).

Based on the foregoing, the motion for summary judgment in favor of Stacey N. Floyd, f/k/a Stacey N. Greene, is ALLOWED. The obligation of the debtor in the amount of $251,911.00, plus interest and costs is nondischargeable.

"END OF DOCUMENT"

---

[1] In Pleasants, the plaintiffs failed to plead § 523(a)(2) until after the conclusion of trial, when they filed a motion to amend their complaint. However, the Fourth Circuit noted that because the case was "both pled and tried before the bankruptcy court as a matter of fraud, we discern no prejudice whatsoever to [the debtor] from having the [plaintiffs'] judgment of nondischargeability rest upon § 523(a)(2)(A)." Pleasants, 219 F.3d at 376 n.*. Although the Plaintiff in the case at bar similarly failed to plead § 523(a)(2) in her complaint, the grounds for asserting nondischargeability were based on fraud and, as such, the court finds that holding the Plaintiff's claim nondischargeable pursuant to § 523(a)(2) would not unfairly prejudice the debtor.